# JS-6

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              CENTRAL DISTRICT OF CALIFORNIA

7                   SOUTHERN DIVISION

8

9  ABRAHAM GHORBANIAN, D.D.S.,          ) Case No.: SACV 14-00671-CJC(SHx)
                                        )
10             Plaintiff,               )
                                        )
11        vs.                           )
                                        )
12 GUARDIAN LIFE INSURANCE             ) ORDER GRANTING DEFENDANTS'
   COMPANY OF AMERICA, and             ) MOTION TO TRANSFER VENUE
13 BERSKHIRE LIFE INSURANCE            )
   COMPANY OF AMERICA,                 )
14                                      )
             Defendants.               )
15                                      )
                                        )
16                                      )
                                        )
17

18 # I. INTRODUCTION

19

20        On April 9, 2014, Plaintiff Abraham Ghorbanian, D.D.S., filed this action in

21 Orange County Superior Court alleging breach of the duty of good faith and fair dealing

22 and breach of contract by Defendants the Guardian Life Insurance Company of America

23 ("Guardian Life") and Berkshire Life Insurance Company of America ("Berkshire Life")

24 (together, "Defendants").  (Dkt. No. 1 Exh. A ["Compl."].)  Defendants then filed a

25 timely notice of removal, removing the action to the Central District of California.  (Dkt.

26 No. 1 ["Notice of Removal"].)  Defendants now move to transfer venue to the Western

27

28

1  District of Washington.  (Dkt. No. 11, Defs.' Mot. to Transfer Venue ["Defs.' Mot."].)
2  For the following reasons, Defendants' motion is GRANTED.[1]

3

4  ## II. BACKGROUND

5

6  In 1998, Dr. Ghorbanian started practicing dentistry in Washington State and
7  remained a resident of Washington until he moved to California in March 2012.  (Defs.'
8  Mot. Exh. A at 6; Dkt. No. 13, Pl.'s Opp'n to Def.'s Mot. to Transfer ["Pl.'s Opp'n"] at
9  6.)  Shortly after Dr. Ghorbanian started his Washington practice, Dr. Ghorbanian was
10  issued two disability insurance policies (the "Policies") by Defendants Guardian Life and
11  Berkshire Life,[2] which have their principal places of business and are incorporated in
12  New York and Massachusetts, respectively.  (Compl. ¶¶ 3, 4, 6, 7.)  The Complaint
13  alleges that in June 2002, Dr. Ghorbanian was involved in an automobile accident in
14  Washington.  (Compl. ¶ 11; *see also* Defs.' Mot. at 6.)   Dr. Ghorbanian sustained
15  injuries and was treated by several of his doctors and therapists in Bellevue, Burien, and
16  Issaquah, Washington.  (Defs.' Mot. Exh. A at 147–63.)  In June 2005, Dr. Ghorbanian
17  was involved in a second automobile accident, (Compl. ¶ 12), and was treated by doctors
18  in Bellevue, Washington, (Defs.' Mot. Exh. A at 164–66.)  Subsequently, Dr. Ghorbanian
19  underwent surgery in Seattle allegedly seeking to correct his disability, (Compl. ¶ 14),
20  and later received physical therapy in Redmond, Washington, (Defs.' Mot. at 8; Exh. A).

21

22  In 2011, Dr. Ghorbanian submitted a disability claim to Defendants alleging that
23  he was no longer able to practice "side chair dentistry" as a result of the injuries he
24  sustained from his accidents (the "Claim").  (Compl. ¶ 13.)   Defendants denied the Claim

25

26  [1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate
27  for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set
for September 15, 2014 at 1:30 p.m. is hereby vacated and off calendar.
28  [2]  Berkshire Life is a wholly owned stock subsidiary of Guardian Life.  (Notice of Removal ¶ 6.)

in April 2012 on the basis that Dr. Ghorbanian was not considered disabled under his policies because his pre-disability occupation was an "executive and owner of dental practice rather than a practicing dentist." (Compl. ¶ 16.) Defendants allege that in reaching their decision, Defendants considered, *inter alia*, Dr. Ghorbanian's partnership interest and executive management of over 40 Sunrise Dental offices in Washington. (Defs.' Mot at 4; Exh. A at 63–64.) Defendants assert that all of the potential evidence and Defendants' potential witnesses are located in Washington. (*See* Defs.' Mot. at 1–2.) These witnesses include (1) doctors and therapists that treated Dr. Ghorbanian after his accidents; (2) Sunrise Dental dentists and employees that worked with Dr. Ghorbanian in Washington; and (3) two Washington attorneys that represented Dr. Ghorbanian in the Claim. (*See* Defs.' Mot.) Dr. Ghorbanian's potential witnesses include his wife, children, and mother-in-law, all of whom reside in California. (Pl.'s Opp'n at 2–3.) Dr. Ghorbanian further asserts that his potential witnesses may also include several acquaintances, employees, and current doctors in California. (Pl.'s Opp'n at 2–3.)

## III. ANALYSIS

The Court finds that transfer is warranted pursuant to 28 U.S.C. § 1404(a), which permits a district court to "transfer any civil action to any other district or division where it might have been brought" when transfer would serve "the convenience of parties and witnesses" and would be "in the interest of justice." Under § 1404(a), two findings are required for proper transfer: (1) the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). As to the second prong, a court may consider multiple factors in determining whether the interests of justice favor transfer, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with

the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," in addition to the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The moving party bears the burden of demonstrating that transfer is appropriate. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). District courts have broad discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration, *Jones*, 211 F.3d at 498, and must undertake a "flexible and individualized analysis" of relevant factors, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Here, the parties do not contest that this suit could have been brought in the Western District of Washington. The Western District has personal jurisdiction over Defendants, and venue is also proper there because "a substantial part of the events or omissions giving rise" to Dr. Ghorbanian's claims occurred in Washington. *See* 28 U.S.C. §1391(b)(2). Accordingly, the first requirement of § 1404(a) is satisfied.

The second requirement of §1404(a) is also satisfied because the *Jones* factors favor venue in Washington. First, Dr. Ghorbanian alleges that Defendants breached their contractual obligations under the Policies. The Policies were issued while Dr. Ghorbanian was a resident of Washington and, prior to Defendants' denial of the Claim, Dr. Ghorbanian used his Washington address in all communications with Defendants. Therefore, this factor weighs in favor of transfer because the contract was negotiated and executed by Dr. Ghorbanian in Washington.

Second, although Plaintiff's choice of forum is entitled to some deference, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), this factor may be given less deference if, as is true here, the key factual issues in dispute are

centered in the transferee forum, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (finding that deference to the plaintiff's choice of venue is further diminished if the operative facts have not occurred within the forum).  Here, the Court finds that Dr. Ghorbanian's allegations against Defendants are centered on Defendants' denial of the Claim.[3]  The events leading up to Dr. Ghorbanian's disability and the Claim, and the facts which Defendants considered in their determination of the Claim all occurred in Washington while Dr. Ghorbanian resided there.  Dr. Ghorbanian's choice of forum is thus entitled to reduced deference.

Third, the parties' contacts — both general contacts as well as contacts specific to Dr. Ghorbanian's causes of action — favor transfer.  Both parties seem to have general contacts in California and Washington.  The specific contacts most relevant to Dr. Ghorbanian's causes of action, however, are in Washington.  Washington was where the Policies were issued, where the events leading up to the alleged disability occurred, where Dr. Ghorbanian was treated for his disability, and where Dr. Ghorbanian was employed during the period for which he is seeking benefits.

Fourth, trial of this matter would be more convenient in Washington than in California.  Defendants contend that all of the relevant medical records, physical evidence, and nearly all of the non-party witnesses are located in Washington.  Among the potential material witnesses are various practicing doctors who treated Dr. Ghorbanian in Washington; thus, the availability of the compulsory process to compel the attendance of any unwilling non-party witnesses strongly favors venue in Washington.  By contrast and as discussed below, Dr. Ghorbanian only identifies questionably relevant

---

[3]  Dr. Ghorbanian asserts that Defendants' denial of his claim and Defendants' subsequent bad faith conduct occurred in California and argues that a substantial part of the operative facts occurred in California.  (Pl.'s Opp'n at 11–12.)  The Court disagrees.  To the extent that Dr. Ghorbanian is alleging a continuing breach of good faith and fair dealing, he does not point to any new or different facts occurring after the denial of the Claim.

witnesses in California, and identifies no significant documentary or physical evidence in California.  Considering the above, the Court finds that Defendants have met their burden in showing that transfer is appropriate under the *Jones* factors.[4]

Finally, the convenience of the witnesses weighs decisively in favor of transfer. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)."  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (internal citation omitted).  According to Defendants, all of the Sunrise Dental employees whose testimony may be material to whether Dr. Ghorbanian was able to perform his occupational duties, and what those duties entailed, currently reside in Washington.  Furthermore, according to the Defendants, all of the doctors that treated Dr. Ghorbanian after his automobile accidents currently reside in Washington.  Given the nature of Dr. Ghorbanian's allegations, the testimony of these non-party witnesses may indeed be material.  Dr. Ghorbanian, however, only identifies family members, acquaintances, Dr. Ghorbanian's current medical doctors in California, and employees from Dr. Ghorbanian's California offices to testify to Dr. Ghorbanian's current physical condition.  On balance, given the substantial

---

[4]  In regard to the remaining *Jones* factors, the evidence presented by the parties does not suggest that the factor of litigation costs and judicial economy counsels strongly in favor of or against transfer.  As to the choice of law question, the Court notes that the law to be applied in this case is not particularly complex, thus the Court need not make the choice of law determination here to resolve Defendants' pending motion.  *See, e.g., Barnstormers, Inc. v. Wing Walkers, LLC*, No. 09CV2367 BEN (RBB), 2010 WL 2754249, at *3 (S.D. Cal. July 9, 2010) (noting that where the applicable law is not complex, federal courts are equally equipped to apply distant state laws).  Finally, Dr. Ghorbanian's argument that California's public policy does not favor transfer is unconvincing as the disputed insurance policies were issued to him in Washington while he was residing there.  Washington has a strong interest in protecting the rights of its citizens and monitoring the conduct of insurance carriers doing business in the state.  Moreover, Dr. Ghorbanian's contends that punitive damages are not available in Washington and cites the Revised Code of Washington section 48.30.015.  However, this section permits the Superior Court to increase the total award of damages to an amount not to exceed three times the actual damages in cases where the insurer has acted in bad faith.

number of witnesses who will testify to the core facts surrounding the issue of Defendants' denial of the Claim in 2012, the convenience of witnesses favors transfer.[5]

## IV. CONCLUSION

The circumstances of this case favor transfer to the Western District of Washington.  Accordingly, Defendants' motion to transfer venue to the Western District of Washington is GRANTED.


DATED:      September 8, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[5] As to the convenience of the parties, Dr. Ghorbanian argues that it would it financially difficult for him to litigate this matter in Washington, whereas the cost for the Defendants to litigate in either location would be approximately the same.  Even if these approximations were accurate, the Court finds that "[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor."  *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)) (internal quotation marks omitted).